IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| GEORGE LIONEL MONCADA | § | CASE NO. 19-33426 |
| | § | CHAPTER 7 |
| | § | |
| DEBTOR | § | CHIEF JUDGE DAVID R. JONES |

## TRUSTEE'S APPLICATION TO EMPLOY GENERAL COUNSEL

To the Honorable David R. Jones,
Chief United States Bankruptcy Judge:

COMES NOW Ronald J. Sommers, Chapter 7 Trustee ("Trustee") of the above-referenced bankruptcy estate and respectfully represents as follows:

### A. Summary of the Basis for Necessity of Counsel

| Name of Trustee: | Ronald J. Sommers ("Trustee" or "Applicant") |
|---|---|
| Name of Professional to be Employed: | Ross, Banks, May, Cron & Cavin, P.C., with Mr. Marc Douglas Myers ("Mr. Myers") as attorney-in-charge. |
| Reason that Employment of Professional is Needed: | To assist the Trustee in: (a) prosecuting avoidance claims under Chapter five (5) of the US Bankruptcy Code, or similar State law; recovering property of the estate from the Debtor or third parties; and/or generally prosecuting claims of the estate against third parties arising from any source; (b) analyzing business associations of the Debtor(s) and prosecuting actions to recover and/or liquidate such interests; (c) recovering accounts receivable and/or prosecuting claims for debts due to the estate; (d) preserving and/or selling non-exempt real and/or personal property interests of the estate; (e) obtaining Court approval for the employment of professionals to assist in execution of the Trustee's duties; (f) reviewing and objecting to claims identified by the Trustee as problematic; (g) prosecuting exemption objections; and (h) addressing unanticipated legal issues which may arise during administration of the estate. |
| Compensation Arrangement: | The Trustee proposes to pay general counsel on a time and cost basis. The services to be provided to the Trustee will be performed by Mr. Myers. Mr. Myers, after negotiation with the Trustee, proposed a rate of $325.00 per hour. |

| Reason the Trustee selected the Professional: | Ross Banks and Mr. Myers have extensive, recent and successful experience representing Chapter 7 trustees on all matters on which the Trustee requires assistance. |
|---|---|
| Why Employment Is in the Best Interest Of the Estate (If Trustee's Own Firm): | As set out more thoroughly below, (1) Ross Banks, and Mr. Myers, have the experience necessary to assist the Trustee expeditiously and efficiently, thereby creating a costs-savings that would not be available from lesser experienced counsel; (2) Mr. Myers' proposed billing rate is competitive compared to other area attorneys of similar experience in both larger and smaller firms. |

### B. Jurisdiction, Venue, and Constitutional Authority

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(A) and arises in, and/or under, Title 11.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1408.

3. This Court has constitutional authority to enter a final order regarding this matter. Court approval of the employment of professional persons by a bankruptcy estate has no equivalent in state law, thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable. *See In re Carlew*, 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012) (discussing *See Stern v. Marshall*, 131 S.Ct. 2594 (2011)). In the alternative, the employment of professional persons by a bankruptcy estate is an essential bankruptcy matter which triggers the public rights exception. *See Id.*

### C. Procedural and Factual Background

4. On June 20, 2019 (the "***Petition Date***"), George Lionel Moncada (the "***Debtor***") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. On or about the same date, the Trustee was appointed interim Trustee, and, having since accepted such appointment and posted the requisite bond, is now the duly qualified Chapter 7 Trustee of this bankruptcy estate.

### D. Application to Employ Ross, Banks, May, Cron & Cavin, P.C. as General Counsel

5. <u>Facts Showing the Necessity for the Employment and Scope of Services</u>: The Debtor's schedules indicate that the house where the Debtor resided on the Petition Date was titled in a revocable grantor trust established by the Debtor and his spouse. The Trustee requires assistance of counsel in

prosecuting all claims of the Estate with regard to the same. Further, although the Trustee is not currently aware of any Chapter 5 causes of action, should such claims be uncovered, the Trustee will require assistance of counsel in pursuit of the same. Also, to the extent that assets are recovered, the Trustee will require assistance of counsel in prosecuting non-routine objections to proofs of claim. Lastly, the Trustee may require assistance of counsel in resolving unanticipated legal issues arising during case administration.

6. <u>Name of the Person to be Employed</u>: Mr. Marc Douglas Myers will be designated as attorney-in-charge and is in good standing and licensed to practice before this Court.

7. <u>Reasons for Selecting Ross Banks and Qualifications of Counsel</u>: Applicant selected Ross Banks and Mr. Myers to represent Applicant because of proposed counsel's considerable, recent and successful experience representing other Chapter 7 trustees on all matters on which she requires assistance. Further, Ross Banks has competitive billing rates compared to other attorneys and firms of similar experience. For these reasons, Applicant believes that Ross Banks is well qualified to represent Applicant in this case and employment thereof is necessary and in the best interests of Applicant and the Chapter 7 estate. Examples of the hourly rates for other attorneys who commonly represent Chapter 7 trustees generally are as follows:

| Attorney | Hourly Rate | Firm | Case Rate Was Derived From |
|---|---|---|---|
| Joshua Wolfshohl | $510 | Porter & Hedges | 16-36388 Dkt # 17-1 |
| Aaron Power | $415 | Porter & Hedges | 16-36388 Dkt # 17-1 |
| Julie Koenig | $425 | Cooper & Scully | 16-31922 Dkt # 92 |
| Erin Jones | $350 | Ostrom Morris | 15-35634 Dkt # 72 |
| Heather Potts | $375 | Nathan Sommers Jacobs | 19-30302 Dkt # 14 |
| Theresa Mobley | $395 | Cage, Hill & Neihaus | 16-36079 Dkt # 17-2 |
| Tim Wentworth | $395 | Cage, Hill & Neihaus | 16-36079 Dkt # 17-2 |
| Steve Shurn | $415 | Hughes Watters & Askanase | 16-30398 Dkt # 32 |
| Timothy Million | $345 | Hughes Watters & Askanase | 16-30398 Dkt # 32 |
| Simon Mayer | $375 | Hughes Watters & Askanase | 17-60037 Dkt # 33 |
| Jarrod Martin | $350 | McDowell Heatherington LLP | 18-80067 Dkt # 25-1 |
| Preston Towber | $325 | Towber Law Firm, PLLC | 18-33439 Dkt # 30 |
| Miriam Goott | $350 | Walker & Patterson, P.C. | 18-80129 Dkt # 18 |
| Johnie Patterson | $400 | Walker & Patterson, P.C. | 18-80129 Dkt # 18 |

8. <u>The Professional Services to be Rendered</u>: At this time, the Trustee contemplates that she will need assistance of counsel in:

- Prosecuting avoidance claims under Chapter five (5) of the US Bankruptcy Code, or similar State law; recovering property of the estate from the Debtor or third parties; and/or generally prosecuting claims of the estate against third parties arising from any source;

- Analyzing business associations of the Debtor(s) and prosecuting actions to recover and/or liquidate such interests;

- Recovering accounts receivable and/or prosecuting claims for debts due to the estate;

- Preserving and/or selling non-exempt real and/or personal property interests of the estate;

- Obtaining Court approval for the employment of professionals to assist in execution of the Trustee's duties;

- Reviewing and objecting to claims identified by the Trustee as problematic;

- Prosecuting exemption objections;

- Addressing unanticipated legal issues which may arise during administration of the estate.

9. <u>Proposed Fee Arrangement</u>: Applicant proposes that counsel be paid on an hourly basis, with time being kept in 1/10th of an hour increments. Mr. Myers, after negotiation with the Trustee, has offered an hourly rate of $325. Paralegal time is charged at $95 per hour. Expenses will be recouped at their costs. Costs and expenses shall be paid separately from attorney's fees. All payments to counsel will be for the benefit of the estate and will be requested to be paid by the estate. All fees and expenses will be subject to approval by this Honorable Court. All work performed by proposed general counsel will be legal work only.

10. Pursuant to Federal Rule of Bankruptcy Procedure 2014, Applicant is required to disclose the following with regard to connections between the proposed attorneys and certain parties. The rule states in part:

> The application shall state . . . to the best of the applicant's knowledge, disclose all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

11. To the best of Applicant's knowledge, after diligent inquiry, Ross Banks and the attorneys affiliated therewith have no connections with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the US Trustee, or any person employed in the office of the US

Trustee, except as follows:

- Ross Banks and Mr. Myers currently represent Applicant, as well as other Chapter 7 panel trustees in the Southern District of Texas, Houston Division, as general or special counsel in several other pending Chapter 7 cases; and

- Mr. Myers is/was a member of the Moeller/Foltz Inns of Court and the Turnaround Management Associations and through these organizations has professional connections with Applicant as well as other bankruptcy attorneys, Chapter 7 and Chapter 13 panel trustees, attorneys for the office of the U.S. Trustee, Judges and members of the Judges' staff.

12. The Trustee submits that neither Mr. Myers, Ross Banks, nor any shareholder, attorneys or employees thereof hold an "interest adverse" to the estate, as Ross Banks does not possess any economic interest that would tend to lessen the value of the estate or create either an actual or potential dispute in which the estate is a rival claimant. See e.g. *In re Red Lion, Inc.*, 166 B.R. 296, 298 (Bkrtcy.S.D.Tex. 1994). Applicant further submits that Ross Banks is a "disinterested person" in that no shareholder, associate, employee or representative of Ross Banks: (a) is a creditor, equity security holder or an insider; (b) has ever been a director, officer, or employee of the Debtor in this bankruptcy proceeding; and (c) has an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor(s) in this bankruptcy case, or for any other reason. See 11 U.S.C. §101(14). An affidavit attesting to the foregoing is attached as **Exhibit A** and incorporated herein.

WHEREFORE, Applicant prays that this Court authorize the Applicant's employment of Ross Banks on the hourly rates set forth for the attorneys/paralegals who will work on this matter, plus expenses, to represent the Applicant as general counsel and such other and further relief as is just and equitable.

Respectfully submitted,

By: _____
Ronald J. Sommers
State Bar No. 18842500
2800 Post Oak Blvd., 61st Floor
Houston, Texas 77056-6131
(713) 892-4801
**Chapter 7 Trustee**

**ROSS, BANKS, MAY, CRON & CAVIN P.C.**

By: /s/ Marc Douglas Myers
Marc Douglas Myers
State Bar No. 00797133
7700 San Felipe, Ste. 550
Houston, Texas 77063
(713) 626-1200; (713) 623-6014
**Proposed General Counsel**

## CERTIFICATE OF SERVICE

I certify that on the 5th day of September, 2019, a true and correct copy of the foregoing was served on the Debtor, counsel for the Debtor, the Trustee and the US Trustee via regular US Mail, unless otherwise served by the CM-ECF system.

/s/ Marc Douglas Myers

George Lionel Moncada
13511 Layton Castle Lane
Cypress, TX 77429

Jennifer Casey
25511 Budde Road, Suite 801B
The Woodlands, TX 77380

Ronald J Sommers
2800 Post Oak Blvd., 61st Floor
Houston, Texas 77056

US Trustee
515 Rusk Ave., Ste 3516
Houston, TX 77002

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| GEORGE LIONEL MONCADA | § | CASE NO. 19-33426 |
| | § | CHAPTER 7 |
| | § | |
| DEBTOR | § | CHIEF JUDGE DAVID R. JONES |

**AFFIDAVIT**

| | |
|---|---|
| STATE OF TEXAS | § |
| COUNTY OF HARRIS | § |

Ross, Banks, May, Cron & Cavin, P.C. by and through the below authorized signatory, and Marc Douglas Myers (collectively "Ross Banks"), respectfully represent that the signatory has personal knowledge of the matters stated herein and is competent to make this affidavit. The firm represents no interest adverse to either the above referenced bankruptcy estate or the chapter 7 trustee thereof ("Trustee"). The firm and its attorneys, have no connections with the debtor, any creditors, or any other party in interest or their respective attorneys or accountants, the US Trustee, or any person employed in the office of the US Trustee, except as otherwise disclosed herein. The following connections are disclosed:

- Ross Banks and Mr. Myers currently represent Applicant, as well as other Chapter 7 panel trustees in the Southern District of Texas, Houston Division, as general or special counsel in several other pending Chapter 7 cases; and

- Mr. Myers is/has been a member of the Moeller/Foltz Inns of Court and the Turnaround Management Associations and through these organizations has/had professional connections with Applicant as well as other bankruptcy attorneys, Chapter 7 and Chapter 13 panel trustees, attorneys for the office of the U.S. Trustee, Judges and members of the Judges' staff.

Ross Banks has not agreed to share its compensation with any other party. The undersigned submits that Ross Banks is a "disinterested person" within the meaning of 11 U.S.C. §101(14) and that employment of Ross Banks is in the best interests of the Estate. All partners, associates and of counsel of the firm of Ross Banks who will devote time to this matter are duly admitted to practice in this Court.

Respectfully submitted,
ROSS, BANKS, MAY, CRON & CAVIN, P.C.

Marc Douglas Myers
SBN: 00797133
7700 San Felipe, Ste 550
Houston, Texas 77063
(713) 626-1200 Fax (713) 623-6014

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority on September 4, 2019.

_L. Carolyn Nivens_
Notary Public in and for the State of Texas

L. CAROLYN NIVENS
Notary Public, State of Texas
Comm. Expires 08-25-2021
Notary ID 10519432